The Honorable Bill Walters State Senator Post Office Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding a proposed act on offering incentives to state employees in order to attempt to decrease their use of sick leave. Your letter states that the bill offers an incentive for not using sick leave to existing state employees and provides a formula for determining the amount that terminating employees are to be compensated for their accumulated unused sick leave. Section 2(a)(1) of the proposed act provides: "State employees shall be entitled on February 1, 1998 [to] a lump sum payment of ten dollars ($10.00) per day for each day of unused sick leave which was accrued during calendar year 1997." Section 2(a)(2) contains a comparable provision regarding unused sick leave accrued during calendar year 1998; however, the award of the lump sum payment is dependent on the percentage of the decrease in the average sick leave usage per state employee during calendar year 1998 compared to calendar year 1997.[1] You have asked two questions regarding the incentive provided in section 2 of the proposed act:
 1. Since the Family and Medical Leave Act (FMLA) provides that an employer may require an employee to use annual or sick leave for FMLA leave (28 U.S.C.A. § 2612(d)), does the incentive provided in section 2 of the attached bill constitute an interference with FMLA rights in violation of 28 U.S.C.A. § 2615?
 2. Does the incentive provided in Section 2 of the bill discriminate against state employees with disabilities in violation of the Americans with Disabilities Act?
It is my opinion that the proposed act is not contrary to either the Family and Medical Leave Act or the Americans with Disabilities Act.
With regard to your first question, the Family and Medical Leave Act (FMLA), 29 U.S.C.A. §§ 2601-2654, guarantees eligible employees the right to take up to twelve weeks unpaid leave per year in certain specified situations. 29 U.S.C.A. § 2612; Bauer v. Dayton-Walther Corp.,910 F.Supp. 306 (E.D.Ky 1996). Section 2612(d) provides:
 (d) Relationship to paid leave. (1) Unpaid leave. If an employer provides paid leave for fewer than 12 workweeks, the additional weeks of leave necessary to attain the 12 workweeks of leave required under this title may be provided without compensation.
 (2) Substitution of paid leave. (A) In general. An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided under subparagraph (A), (B), or (C) of subsection (a)(1) for any part of the 12-week period of such leave under such subsection.
 (B) Serious health condition. An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or medical or sick leave of the employee for leave provided under subparagraph (C) or (D) of subsection (a)(1) for any part of the 12-week period of such leave under such subsection, except that nothing in this title shall require an employer to provide paid sick leave or paid medical leave in any situation in which such employer would not normally provide any such paid leave.
(Emphasis supplied.) In addition, 29 U.S.C.A. § 2615(a)(1) provides: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title." It is my opinion that the incentive found in section 2 of the proposed act does not restrain or interfere with 29 U.S.C.A. § 2612(d).
Section 2 of the proposed act provides an incentive to state employees in order to decrease their use of paid sick leave; however, the FMLA does not require that paid sick leave be provided to an employee. See29 U.S.C.A. § 2612(d)(2)(B). The FMLA provides that in certain situations an employee may elect, or an employer may require the employee, to substitute accrued sick leave for part of the leave provided under the act. Id. Although section 2 of the proposed act provides an incentive for not using sick leave, the employee may still, if he chooses, use it as part of the leave provided by the FMLA. In addition, should an employee be required to substitute accrued sick leave for part of the leave provided by the FMLA, the employee may still substitute her accrued sick leave even though she will lose the incentive offered by section 2. Therefore, it is my opinion that the proposed act does not interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by 29 U.S.C.A. § 2612(d).
In sum, regardless of whether a state employee is provided an incentive for not using his paid sick leave, he is still entitled to twelve weeks unpaid leave under the FMLA. Granted, an employee may be upset if he does not receive his lump sum payment because he substituted accrued sick leave for part of his unpaid FMLA leave, but the incentive does not interfere with the employee's right or ability to take unpaid leave pursuant to the FMLA.
In response to your second question, it is my opinion that the proposed act does not discriminate against individuals with disabilities. Title I of the Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12101 etseq., addresses employment and provides in part:
 No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.
42 U.S.C.A. § 12112 (1995).[2] The term "covered entity" means an employer. 42 U.S.C.A. § 12111 (1995). In addition, Title II of the ADA, which applies to public services, provides in part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132 (1995). The definition of public entity includes any state government.42 U.S.C.A. § 12131 (1995).
The stated purpose of the ADA is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C.A. § 12101(b)(1) (1995); McNelyv. Ocala Star-Banner Corp., 99 F.3d 1068 (11th Cir. 1996); Kornblau v.Dade County, 86 F.3d 193 (11th Cir. 1996). Further, it has been stated that the purpose of the ADA is to place those with disabilities on an equal footing, not to give them an unfair advantage. Kornblau, supra. The incentive provided in section 2 of the proposed act simply does not differentiate among individuals; it applies equally to both state employees with disabilities and state employees without disabilities. The state is simply rewarding all state employees who do not use their sick leave.
It can be argued that an employee with a disability might be more likely to utilize her sick leave than an employee without a disability. Therefore, the proposed act might be viewed as rewarding state employees without disabilities and discriminating against state employees with disabilities. However, it is my opinion that the mere offering of a facially neutral incentive to not use accrued sick leave does not discriminate against state employees with disabilities. The legislative history of the ADA provides that "employee benefit plans should not be found to be in violation of this legislation under impact analysis simply because they do not address the special needs of every person with a disability, e.g. additional sick leave or medical coverage." Parker v.Metropolitan Life Ins. Co., 99 F.3d 181, n. 4 (6th. Cir. 1996) (quoting S.REP. NO. 116, 101st Cong., 1st Sess. 85 (1989); see also Alexander v.Choate, 469 U.S. 287 (1985) (Rehabilitation Act, 29 U.S.C.A. § 794, not violated by facially neutral limits on coverage under state Medicaid even though in reality handicapped have greater medical needs). In addition,29 CFR § 1630.5 provides that it is unlawful for a covered entity to limit an employee in a way that adversely affects his or her employment opportunities or status on the basis of disability. However, the appendix to § 1630.5 provides that "Leave policies or benefit plans that are uniformly applied do not violate this part simply because they do not address the special needs of every individual with a disability."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] On page 3, line 10, of the bill, it appears that "calendar year 1996" should actually read "calendar year 1997."
[2] It is unlawful for a covered entity to discriminate on the basis of disability against a qualified individual with a disability in regard to sick leave. 29 CFR § 1630.4(e).